IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARHONDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-861-SLP |
| | ) |
| DANNA JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against the following individuals: Danna Johnson, Tiffany Johnson, Feeschell and Ashley Mosley. It is unclear, but she may also name as a defendant Town Village Retirement Community (Town Village). Each of the individual defendants appear to be employees of Town Village as she utilizes the same address for each defendant as that of Town Village.

Plaintiff has checked the "Federal Question" box on the form complaint as the basis for federal court jurisdiction. Compl. at 3. In support she states: "Citizenship in USA has the right to live free of retaliatory discrimination and harassment." *Id*. As her "Statement of Claim," Plaintiff states: "Wrongful Termination – occurs when an employer fires an employee for illegal reasons, violating employment laws, public policy, or contractual agreements." *Id*. at 4. As the "Relief" she seeks, Plaintiff states: "I'm a ACMA – which specialize in diabetes monitoring and insulin administration. I became injured from transferring a patient from the floor to a recliner." *Id*.

The Court finds dismissal of the Complaint is warranted.  To assess whether a complaint fails to state a claim upon which relief may be granted, courts apply the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." **\*814** *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

Plaintiff's allegations against Defendants are too threadbare.  She fails to identify the statutory basis of her claim(s).  On the Civil Cover Sheet [Doc. No. 1-2] she identifies 42 U.S.C. § 1983, but she fails to allege any facts to show that any Defendant is a state actor.  This pleading deficiency is fatal to a § 1983 claim.  *See, e.g., Davis v. Deutsche Bank Nat'l Trust Co. for GSAA Home Equity Trust 2007-5, Asset-Back Certificates, Series 2007-5*, 737 F. App'x 379, 383-84 (10th Cir. 2018) ("Generally, private parties are not state actors subject to liability under § 1983.") (citing *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (observing that "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted))).

The Court has also considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires

2

a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)).

Here, the Complaint fails to comply with the requirements of Rule 8. As stated, Plaintiff fails to identify with any clarity the factual or legal bases for her claim(s). And she fails to identify what conduct, if any, each Defendant engaged in that would subject that defendant to liability. *See Nasious*, 492 F.3d at 1163 (in accordance with Rule 8, a plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

IT IS THEREFORE ORDERED that the Complaint [Doc. No. 1] is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 21 days of the date of this Order, or by September 16, 2025.  If no amendment is filed, this action will be dismissed.

IT IS SO ORDERED this 26th day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE